IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE "JORGE" CASAS | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08CV127 LG-RHW |
| | § | |
| U.S. JOINER, LLC and NORTHRUP | § | |
| GRUMMAN SHIP SYSTEMS, INC. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS AND
GRANTING MOTION FOR SUMMARY JUDGMENT**

THE MATTERS BEFORE THE COURT are the Motion [52] for Summary Judgment and the Motion [54] to Dismiss filed by Defendant U.S. Joiner, LLC. Plaintiff George "Jorge" Casas has responded, and U.S. Joiner has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that Motion to Dismiss should be denied and the Motion for Summary Judgment should be granted.

FACTS AND PROCEDURAL HISTORY

Casas is a Texas resident who was employed by Land Coast Insulators, Inc. for the insulation of certain portions of an amphibious transport dock (LPD-19) under construction in Northrup Grumman's shipyard in Pascagoula, Mississippi. Northrup Grumman was the general contractor building LPD-19, U.S. Joiner was a subcontractor of Northrup Grumman, and Land Coast was a subcontractor of U.S. Joiner. Casas was injured while working in a compartment that had an unfinished floor consisting only of raised metal beams suspended between 12 and 18 inches off of the bottom. He alleges that the "Defendants' negligence caused Plaintiff to slip, fall, and herniated [sic] several discs in his back and possibly neck." Compl. 2. He brings both common law and maritime claims against U.S. Joiner and Northrup Grumman because it is

unclear which governs.[1]

Casas brought claims under the Jones Act and general maritime law in Hidalgo County, Texas District Court based on this same incident. The defendants - Northrup Grumman and U.S. Joiner - removed it to the United States District Court for the Southern District of Texas on the basis of diversity jurisdiction. *Casas v. Northrup Grumman Ship Sys., et al.*, No. 7:07cv64 (S.D. Tex. filed Mar. 23, 2007). Both defendants then filed motions to dismiss for lack of personal jurisdiction, and Casas filed a motion to remand. The court first determined that remand would be denied because Casas could "not possibly establish that LPD-19 is a 'vessel' under [1 U.S.C.] § 3." *Casas v. Northrup Grumman Ship Sys., et al.*, No. 7:07cv64 (S.D. Tex. Sept. 10, 2007) (order denying plaintiff's motion to remand at 8). Thus, the court found that it had subject matter jurisdiction when the fraudulently pled Jones Act claim was disregarded.

The court then addressed the issue, presented in the motions to dismiss, of its personal jurisdiction over the defendants. Finding insufficient contacts on the part of either defendant, the Court granted both motions to dismiss. *Casas v. Northrup Grumman Ship Sys., et al.*, 533 F. Supp. 2d 707 (S.D. Tex. 2008). The court also denied a request to transfer the case. *Id*. Following dismissal, Casas filed this action.

## DISCUSSION

U.S. Joiner requests dismissal of Casas's maritime claims under Federal Rule of Civil Procedure 12(b)(6) and judgment as a matter of law in regard to all claims under Rule 56. It argues first that the Southern District of Texas has determined that LPD-19 was not a vessel at the time of Casas's injury, and therefore this issue is collaterally estopped. As a result, Casas

---

[1] Plaintiff has settled his claims against Northrup Grumman Ship Systems, Inc.

cannot state a maritime claim, as any such claim requires that the injury occur in connection with a vessel.

The Motion to Dismiss:

"Collateral estoppel applies when, in the initial litigation, (1) the issue at stake in the pending litigation is the same, (2) the issue was actually litigated, and (3) the determination of the issue in the initial litigation was a necessary part of the judgment." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 323 (5th Cir. 2005).

The first element of the test is not met in order for collateral estoppel to apply in this case, as Casas does not attempt to state a Jones Act claim, but one under "general maritime law." Such a claim requires demonstration that (1) the wrong producing the injury occurred over navigable waters, and (2) the activity proximately causing the injury was substantially related to traditional maritime activity. *Davis v. Players Lake Charles Riverboat, Inc.*, 74 F. Supp. 2d 675, 676 (W.D. La. 1999). There is no "vessel" component to a tort claim under general maritime law. *See U.S. v. Bruce Dry Dock Co.*, 65 F.2d 938, 939 (5th Cir. 1933) ("It is not essential to jurisdiction in admiralty that the tort be committed on board a vessel."). Accordingly, the findings of the Texas District Court do not compel dismissal of Plaintiff's general maritime claims under Rule 12(b)(6). U.S. Joiner's Motion will be denied.

The Summary Judgment Motion:

Even though they overcome the dismissal standard of Rule 12(b)(6), Casas's general maritime tort allegations fail as a matter of law because "vessels under construction give rise to neither a maritime contract nor a maritime tort." *Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 298 (5th Cir. 2008) (Jones Act). The Fifth Circuit has held that,

> although it is not necessary that a vessel be "in navigation" for a claim based upon general maritime negligence to arise in connection therewith, it is also true that since a contract for the building of a ship is non-maritime in character, a tort arising out of work on a launched but incompleted vessel also lacks maritime flavor. The fact that the barge here was only partially completed at the time of plaintiff's injury is thus dispositive of his claim based on Luke's alleged maritime negligence.

*Hollister v. Luke Const. Co.* 517 F.2d 920, 921-22 (5th Cir. 1975) (citations and quotation marks omitted). The evidence submitted by both parties shows that there is no question that LPD-19 was only partially completed at the time of Casas's injury. Therefore, the activity proximately causing Casas's injury was not substantially related to traditional maritime activity. U.S. Joiner is entitled to judgment as a matter of law in regard to Casas's tort claims under general maritime law.

U.S. Joiner next argues that Casas's state-law negligence claims fail as a matter of law. In Mississippi, the elements of a negligence claim are: 1) duty; 2) breach of the duty; 3) causation; and 4) injury. *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (Miss. 2004). U.S. Joiner contends that Casas will be unable to show that it owed any duty to him, because Land Coast was an independent contractor that maintained control of all aspects of the work its employees were performing on LPD-19. U.S. Joiner argues that Mississippi law therefore does not impose any duty upon it to Land Coast's employees.

Casas responds with citation to Mississippi law holding that even when a person or entity does not have a common law duty, one can voluntarily assume a duty. *Stauffer Chem. Co. v. Brunson*, 380 F.2d 174 (5th Cir. 1967). "When one voluntarily assumes a duty he is bound to perform it with care and if done negligently, he is liable for damage resulting from such negligence." *Id.* at 182. Casas contends the following is evidence that U.S. Joiner assumed a

duty: 1) there was no flooring covering the raised metal beams; 2) Casas requested plywood from the overseeing U.S. Joiner representatives; 3) the U.S. Joiner representative provided two or three sheets of plywood, which was inadequate to cover the surface; 4) U.S. Joiner conceded that a plywood floor should have been installed by one of the defendants before Land Coast was directed to work in the compartment. Ct. R. 64 p. 11-12.

> The evidence relied upon for support is primarily Casas's deposition, where he testified:
>
> A. I just asked - -we kept telling the guy that was in charge of us and he never did it, so I went and told them.
>
> Q. So the guy - - the guy in charge of you was a Land Coast employee?
>
> . . .
>
> A. Juan and Rob.
>
> Q. Which one did you tell?
>
> A. Juan never really did anything about it, so I told some other guy that worked on top of there.
>
> . . .
>
> Q. When did you tell, in relation to that, when did you tell Juan about, ask him about putting planks on the scaffold?
>
> A. The Thursday prior to [the accident].
>
> Q. And then when did you have a conversation - - - nothing occurred from that conversation. When did you have a conversation with someone from Joiner?
>
> A. On Monday, Monday morning.
>
> . . .
>
> I just told him to put some planks there, some plywood so we can stand upright, we won't have to fall or anything like that. He said all right, we'll

> do it. . . . He sent two guys, two African Americans, and they put two or three sheets of plywood and then that's it.

Ct. R. 60-3 p. 37-39.

Also referenced is the deposition testimony of another Land Coast employee, Eduardo Lozoya. Ct. R. 60-5. Lozoya testified to the same general sequence of events. They asked their own supervisor, Juan, for plywood. *Id.* at 3. Juan did not provide the plywood. *Id.* They then asked Northrup Grumman employees for plywood. *Id.* Lozoya did not recall anyone bringing them plywood before Casas's accident occurred, days later. *Id.* at 4.

The U.S. Joiner representative testified that the company had no knowledge of what compartment of the ship Land Coast employees were working in at any particular time. Ct. R. 58-2 p. 7. U.S. Joiner had no record of Casas's fall, but Land Coast had its own safety representative who would have handled the matter. *Id.* Northrup Grumman would have been responsible for providing plywood requested by Land Coast. *Id.* at 8-9.

Mississippi has determined the nature of the duty of a contractor to the employees of a subcontractor. As summarized by the Fifth Circuit in *Linn v. United States*, 281 Fed. Appx. 339 (5th Cir. 2008),

> [g]enerally, under Mississippi law, the owner of a premises "has a duty to use reasonable care to keep its premises in a reasonably safe condition for business invitees." *Coho Res.*, 829 So.2d [1] at 10 [(Miss. 2002)](quoting *Jones*, 701 So.2d at 782). But this duty does not automatically extend to the employees of independent contractors. *See id.* at 10-11 (citation omitted). The Mississippi Supreme Court has held that:
>
>> Where a party . . . contracts with another . . . to perform original construction or repair work . . . and devolves upon the contractor the right and fact of control of the premises and the nature and details of the work, the owner has no liability for injuries experienced by the contractor's workers where those injuries arose

out of or were intimately connected with the work.

*Linn*, 281 Fed. Appx. at 346-47 (quoting *Magee v. Transcon. Gas Pipe Line Corp.*, 551 So.2d 182, 185 (Miss. 1989)). Here, Casas's injuries arose out of the work his employer was contracted to do, which was install insulation in the compartment. Casas does not provide any evidence that U.S. Joiner maintained any right of control, whether de facto or de jure, over how Land Coast's employees performed their work. Thus, Mississippi law imposes no liability on U.S. Joiner for Casas's injuries. *Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So.2d 182, 185 (Miss. 1989).

Even if U.S. Joiner had undertaken a duty to make the compartment safe by laying plywood over the metal scaffold, the duty did not remain "intact" because the evidence clearly establishes that Land Coast knew of the condition in the compartment. *Jones v. James Reeves Contr., Inc.*, 701 So.2d 774, 783 (Miss. 1997); *See also City of Jackson v. Ball*, 562 So. 2d 1267, 1270 (Miss. 1990) (no warning need be given to employees of a contractor so long as the contractor knows of the danger). Both Casas and his coworker testified that they first asked their own supervisor for plywood to lay over the scaffold, making Land Coast aware of the danger. The Court therefore concludes that Casas has not shown that U.S. Joiner had a duty to him. U.S. Joiner is entitled to judgment as a matter of law in regard to Casas's state-law negligence claims.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [54] to Dismiss is **DENIED.**

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [52] for Summary Judgment is **GRANTED**. Plaintiff's claims against Defendant U.S. Joiner are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2009.

                                                                          s/ *Louis Guirola, Jr.*
                                                                          LOUIS GUIROLA, JR.
                                                                          UNITED STATES DISTRICT JUDGE